PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
COUNTY OF LOS ANGELES
and CRAIG DITSCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CARRILLO, JR., | Case No. CV 11-10310 SVW (AGRx) |
| Plaintiff, | Honorable Stephen V. Wilson |
| vs. | **ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL** |
| COUNTY OF LOS ANGELES; CRAIG DITSCH; AND DOES 1-10, INCLUSIVE; | |
| Defendants. | |

TO THE COURT, ALL INTERESTED PARTIES, AND TO THEIR COUNSEL OF RECORD:

    COMES NOW Defendants COUNTY OF LOS ANGELES and CRAIG DITSCH, and answering the Complaint for Damages on file herein, for themselves and for no other Defendants, admit, deny and allege as follows:

    1.    Answering Paragraphs 1 and 2 of the Complaint, Defendants admit the allegations contained therein.

2.      Answering Paragraph 3 of the Complaint, Defendants admit that the acts and omissions complained of commencing occurred within the Central District of California.  Defendants do not have sufficient information or belief to enable to them to answer the remainder of said Paragraph and, on that ground, deny each and every allegation contained therein.

3.      Answering Paragraph 4 of the Complaint, Defendants admit Plaintiff Francisco Carillo, Jr. ("Plaintifff") was convicted for the murder of Donald Sarpy and admit that his conviction was vacated pursuant to his petition for writ of habeas corpus.  With respect to the remainder of the allegations in Paragraph 4 of the Complaint, Defendants deny generally and specifically each and every allegation contained therein.

4.      Answering Paragraphs 5 and 6, Defendants do not have sufficient information or belief at this time to enable them to answer said Paragraphs and, on that basis, deny generally and specifically each and every allegation contained therein.

5.      Answering Paragraph 7, 8, 15, 16, 2, 30, 31, 33, 34, 35, 36, 38, 45, 47, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 91, 92, 93, 94, 95, 97, 98, 99, 100, 102, 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, 115, 116, 117, 118, and 119 of the Complaint, Defendants deny generally and specifically each and every allegation contained therein.

6.      Answering Paragraph 9 of the Complaint, Defendants admit that Plaintiff's murder conviction was vacated by the Los Angeles Superior Court and that new charges were not filed against Plaintiff.  With respect to the remainder of the allegations in Paragraph 9, Defendants deny generally and specifically each and every allegation contained therein.

7.      Answering Paragraphs 10, 13, 14, 17, 18, 21, 22, 25, 26, 27, 28, 32, 37, 39, 48, 54 and 77, Defendants do not have sufficient information or belief at

this time to enable them to answer said Paragraphs and, on that basis, deny generally and specifically each and every allegation contained therein.

8. Answering Paragraph 11 of the Complaint, Defendants admit that Defendant Craig Litsch was employed with the Los Angeles County Sheriff's Department during times relevant to this action. With respect to the remainder of the allegations in Paragraph 11, Defendants do not have sufficient information or belief at this time to enable them to answer, on that basis, deny generally and specifically each and every allegation contained therein.

9. Answering Paragraph 12, of the Complaint, Defendants admit that the County of Los Angeles is a public entity organized and existing under the laws of State of California, and that the Los Angeles County Sheriff's Department is a sub-entity of the County of Los Angeles.

10. Answering Paragraph 19 of the Complaint, Defendants admit that Plaintiff was incarcerated for approximately 20 years after his murder conviction. With respect to the remainder of the allegations in Paragraph 19, Defendants do not have sufficient information or belief at this time to enable them to answer said Paragraphs and, on that basis, deny generally and specifically each and every allegation contained therein.

11. Answering Paragraph 20 of the Complaint, Defendants admit that Plaintiff sought review of his murder conviction through a petition for writ of habeas corpus. With respect to the remainder of the allegations in Paragraph 20, Defendants do not have sufficient information or belief at this time to enable them to answer said Paragraphs and, on that basis, deny generally and specifically each and every allegation contained therein.

12. Answering Paragraph 24 of the Complaint, Defendants admit that Donald Sarpy was shot and killed in 1991. With respect to the remainder of the allegations in Paragraph 20, Defendants do not have sufficient information or belief at this time to enable them to answer said Paragraphs and, on that basis,

1 deny generally and specifically each and every allegation contained therein.

2 13. Answering Paragraph 29 of the Complaint, Defendants admit that Defendant Craig Ditsch was a Los Angeles County Sheriff's Department deputy at the time of Mr. Sarpy's murder. With respect to the remainder of the allegations in Paragraph 29, Defendants deny generally and specifically each and every allegation contained therein.

14. Answering Paragraphs 40, 41, 42, and 43 of the Complaint, Defendants do not dispute that Plaintiff's first criminal trial for the murder of Mr. Sarpy resulted in a mistrial, and that Scott Turner and other eyewitnesses testified this trial.

15. Answering Paragraphs 44, 46, and 49 of the Complaint, Defendants do not dispute that Plaintiff's second criminal trial for the murder of Mr. Sarpy resulted in a conviction and sentence to state prison. With respect to the remainder of the allegations in Paragraph 44, 46, and 49, Defendants do not have sufficient information or belief at this time to enable them to answer, on that basis, deny generally and specifically each and every allegation contained therein.

16. Answering Paragraphs 61, 62, 63, 64, and 65 of the Complaint, Defendants admit that a habeas corpus petition proceeding was conducted in 2011, and Plaintiff's conviction was vacated as a result.

17. Answering Paragraph 66 of the Complaint, Defendants admit that Plaintiff was released from custody, and deny generally and specifically the allegation that he had been "wrongfully" held in custody since January 24, 1991.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

18. Defendants are entitled to immunity from damages accruing after the intervention of judicial officers, i.e., the judge, since it is presumed that they exercised independent judgment.

4

## SECOND AFFIRMATIVE DEFENSE

19. That Plaintiff's Complaint fails to state a cause of action against the Defendant County of Los Angeles for, pursuant to *Monell v. Dept. of Soc. Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy, practice or custom.

## THIRD AFFIRMATIVE DEFENSE

20. The Los Angeles County District Attorney and his subordinates act on behalf of the state, not the County, when "investigating and proceeding with criminal prosecution." *Weiner v. San Diego County*, 210 F.3d 1025, 1030 (9th Cir. 1999). Consequently, any policies, practices or customs alleged in Complaint pertaining to "investigating and proceeding with criminal prosecution" are not those of the County of Los Angeles.

## FOURTH AFFIRMATIVE DEFENSE

21. Defendant County of Los Angeles is immune from liability under the Eleventh Amendment to the Constitution of the United States.

## FIFTH AFFIRMATIVE DEFENSE

22. Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), is not a federal civil rights violation.

## SIXTH AFFIRMATIVE DEFENSE

23. Defendants are entitled to quasi-judicial immunity.

## SEVENTH AFFIRMATIVE DEFENSE

24. The County Sheriff and his subordinates act on behalf of the State, not the County, when engaged in law enforcement activities. Consequently, any policies, practices or customs alleged in the Complaint are not those of the County.

**EIGHTH AFFIRMATIVE DEFENSE**

25. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in them.

**NINTH AFFIRMATIVE DEFENSE**

26. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in the complaint with specificity.

**TENTH AFFIRMATIVE DEFENSE**

27. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

**ELEVENTH AFFIRMATIVE DEFENSE**

28. Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

**TWELFTH AFFIRMATIVE DEFENSE**

29. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

30. The individual Defendants are entitled to qualified immunity since the applicable law was not clearly established and since a reasonable official in defendants' position could have believed their conduct was lawful.

**FOURTEENTH AFFIRMATIVE DEFENSE**

31. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

**FIFTEENTH AFFIRMATIVE DEFENSE**

32. A conspiracy cannot be generally alleged in an action brought under the federal Civil Rights Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

33. Under the federal Civil Rights Act, where intent is an element of the claim, the facts must be alleged in the complaint with specificity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

34. The Complaint fails to state a cause of action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

35. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

**NINETEENTH AFFIRMATIVE DEFENSE**

36. Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

**TWENTIETH AFFIRMATIVE DEFENSE**

37. Neither a public entity nor a public employee is liable for any injury caused by the institution or prosecution of any judicial proceedings within the scope of the public employee's employment.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

38. Neither a public entity nor a public employee acting within the scope of his employment is liable for any injury caused by a public employee's misrepresentation, whether the misrepresentation be negligent or intentional.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

39. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

40. Neither a public entity nor a public employee is liable for any injury

arising out of his entry upon any property where such entry is expressly or impliedly authorized by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

41.  Neither a public entity nor a public employee is liable for any injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

42.  Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

43.  The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's injuries.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

44.  Probable cause existed for the arrest and prosecution of Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

45.  The actions of these Defendants and employees in all respects were reasonable, proper and legal.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

46.  Plaintiff's claims are barred by absolute common law prosecutorial immunity.

### THIRTIETH AFFIRMATIVE DEFENSE

47.  That as a result of the incident that forms the subject matter of this litigation, Plaintiff was criminally prosecuted and rulings and findings therein are preclusive in the instant action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

48. This action is barred by the applicable statutes of limitations.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

49. Defendants are entitled to immunity from damages accruing after the intervention of judicial officers, i.e., the District Attorney and the judge, since it is presumed that they exercised independent judgment.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

50. Pursuant to Government Code § 818 and *Newport City v. Fact Concerts, Inc.*, 533 U.S. 247, 101 S.Ct. 2748 (1981), Defendants are not liable for exemplary or punitive damages in any sum, or at all.

WHEREFORE, Defendants COUNTY OF LOS ANGELES and CRAIG DITSCH pray that Plaintiff take nothing by the way of his Complaint and that these Defendants herein recover their costs and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that Defendants COUNTY OF LOS ANGELES and CRAIG DITSCH demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: January 23, 2012          LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/ Jin S. Choi_____
     Jin S. Choi
     Attorneys for Defendants
     COUNTY OF LOS ANGELES
     and CRAIG DITSCH