RONALD O. KAYE (No.145051)
MARILYN E, BEDNARSKI (No. 105322)
CAITLIN S. WEISBERG (No. 262779)
KAYE, McLANE & BEDNARSKI
234 E. Colorado Blvd. Suite 230
Pasadena CA 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
E-mail: rok@kmbllp.com
E-mail: mbednarski@kmbllp.com
E-mail: cweisberg@kmbllp.com

Attorneys for Plaintiff,
FRANCISCO CARRILLO, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FRANCISCO CARRILLO, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES, CRAIG DITSCH AND DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | CASE NO. CV 11-10310 SVW (AGRx) <br><br> **SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COUNTY OF LOS ANGELES; DECLARATION OF CAITLIN S. WEISBERG** <br><br> DATE: July 24, 2012 <br> TIME: 10:00 a.m. <br> COURT: Hon. Alicia G. Rosenberg <br><br> Action Filed: December 14, 2011 <br> Pretrial Conference: October 1, 2012 <br> Trial: October 16, 2012 |

1  TO THE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:
2      PLEASE TAKE NOTICE that Pursuant to Local Rule 37-2.3, Plaintiff, by
3  and through counsel of record, respectfully submits this Supplemental Memorandum
4  in Further Support of Plaintiff's Motion To Compel Further Responses to Plaintiff's
5  First Set of Requests for Production of Documents to Defendant County of Los
6  Angeles (Dkt. No. 21).

                                                 Respectfully submitted,

                                                 KAYE, McLANE & BEDNARSKI, LLP

DATED: July 10, 2012        By:    */s/ Ronald O. Kaye*
                                                      RONALD O. KAYE
                                                      Attorney for Plaintiff

# SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff submits this Supplemental Memorandum to respond, briefly, to certain arguments made by Defendant in its portions of the Joint Stipulation filed by the parties ("JS") (Dkt. No. 22).

## A. ISSUE 1: Defendant's Insufficient Responses and Delayed Production

In light of the rapidly approaching October trial date and the District Court's firm rejection of the parties' joint stipulation to continue the trial, Defendant's vague assertion that it "will be producing" responsive documents and have not "intentional[ly] delayed" production (JS at 17:2-5) falls significantly short of Federal Rule of Civil Procedure 34's requirement that responses be *complete* and *timely*. *See* JS at 11:10-13:3. The requests for production were served on April 3, 2011; it is now July 10, 2011, and the trial date is a mere three months away.

Plaintiff set forth ample authority in the Joint Stipulation regarding the specificity required of written responses and Defendant's obligation to produce documents on the date specified in the Requests. Defendant did not contest that authority, but yet continues to take the position that it "will be producing" documents at some indeterminate future time, without any meaningful effort to (a) clarify its ambiguous and incomplete written responses; (b) provide details about the search that is being conducted; or (c) specify a timeline for production. JS at 17:2-12. Defendant's failure to comply with the requirements of Rule 34, as comprehensively analyzed and set forth in *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226 (M.D.N.C. 2010), is particularly problematic in this case, where the continued delay significantly prejudices Plaintiff due to the rapidly approaching trial date and pretrial disclosure deadlines.

Defendant issued a supplemental production of documents with its portion of the Joint Stipulation. *See* JS at 6:13-16; Weisberg Decl. ¶ 3. Although Defendant has now produced approximately 500 pages of documents from the Sarpy and Sarabia investigation files, Defendant has not, to Plaintiff's knowledge, provided *all*

documents responsive to any particular one of Plaintiff's RPDs and has not produced the complete investigation files for the Sarpy and Sarabia Cases. Weisberg Decl. ¶¶ 4-8. Further, Defendant has not produced *any* documents specifically responsive to the majority of Plaintiff's RPDs. *Id.* ¶ 4. Thus, Defendant's assertion that the recent documents "address[] many of Plaintiff's concerns" (JS at 6:15-16is entirely incorrect.

**B.     ISSUE 2: Defendant's Privilege Claims and Privilege Log**

    **1.     Defendant Has Generally Failed to Carry its Burden of Showing that Responsive Documents May Be Withheld Based on Privilege**

The Court should order Defendant to produce all documents responsive to Plaintiff's RPDs that are not listed in Items 1, 7, and 8 of Defendant's privilege log (the only Items that listed individual documents) because Defendant failed to address, and therefore conceded, the authority presented by Plaintiff that demonstrates the insufficiency of Defendant's blanket privilege claims and vague privilege log entries. *See* JS at 18:24-23:8. In addition, with regard to Item 8 (the autopsy report), the Court should order production because Defendant has not contested Plaintiff's arguments that the privileges claimed by Defendant not apply (*see* JS at 32:10-33:14).

Similarly, Defendant has not contested Plaintiff's authority showing that the official information privilege and the various state law privileges claimed by Defendant (in Items 3-5 of the privilege log and in response to many of Plaintiff's RPDs) do not apply in this case. (*see* JS at 25:10-27:6, 28:1-11). Accordingly, the Court should order Defendant to produce all documents withheld on the basis of those privileges.

In this regard, Defendant fails to provide any authority which supports its continued refusal to produce documents reflecting the criminal history and gang membership of the witnesses and suspects in the Sarpy Case. JS at 43:8-20. Defendant merely states that it "submits that the records were properly withheld"

because juvenile records are generally protected by state law. JS at 43:11-14. Plaintiff notes, in addition to the arguments made by Plaintiff at JS 32:4-35:9, that Plaintiff's requests did not seek sensitive juvenile case file information as implied by Defendant in the Joint Stipulation (JS at 43:11-13),[1] but rather sought information available to the police and DA during the relevant period of the Sarpy investigation. The purpose of the requests is not to know anything about the individuals *per se*, but rather to know *what the police knew*, and perhaps didn't disclose, when they falsely charged Plaintiff. In any event, it is Defendant's burden to establish that the documents sought by Plaintiff are protected by some privilege (*see* JS at 23:10-18), and Defendant has completely failed to carry that burden.

## 2. Deliberative Process Privilege & Work Product Privilege

The only privileges that Defendant makes any attempt to defend are its assertion of the work product and deliberative process privileges with regard to an undefined group of prosecution documents. However, the authority relied on by Defendant does not support the application of such privileges *in this case*.

In support of its work product privilege claim, Defendant cites to cases which generally establish that, *during the course a criminal prosecution*, a defendant may not discover the work product of the prosecutor. JS at 39:27- 43:7. This unremarkable principle is uncontested by Plaintiff and irrelevant for present purposes. The cases cited by Defendant do not support the assertion of the privilege by *police defendants* in a civil rights case over documents prepared by *non-parties*

---

[1] Even the statutory provision cited by Defendant makes clear that that the documents requested by Plaintiff are properly discoverable because they would have been disclosed to Plaintiff's counsel during the course of the Sarpy prosecution, which what is at issue in this case. *See* Cal. Welf. & Inst. Code § 827(a)(1)(E). Although this provision is not even applicable to the instant case (*see* JS at 28:1-11), it serves to demonstrate the extent to which Defendant has sought to frustrate Plaintiff's efforts to obtain discovery without any legitimate basis for doing so.

1  to the case, in relation to a *closed criminal matter*. On this legal issue, no case cited
2  by Defendant undermines the on-point authority cited by Plaintiff at JS 24:6-24:16.
3  *See also* JS at 28:13-32:3.
4      Defendant has likewise misconstrued the narrow application of the
5  deliberative process privilege (*see* JS at 27:11-28) and, in any event, has failed to
6  properly assert it. As the cases cited by Defendant demonstrate, the deliberative
7  process privilege, which is a species of executive privilege, protects *intra*-agency
8  *communications* regarding policy decisions that are both *deliberative* in nature and
9  *pre-decisional*. *United States v. Rozet*, 183 F.R.D. 662, 665 (N.D. Cal. 1998). In the
10 criminal context, the deliberative process privilege has been applied to
11 communications *within the chain of command of a prosecutor's office* reflecting (a)
12 the decision about whether or not to charge a criminal offense and (b) the decision
13 about whether or not to seek the death penalty. *See* cases cited by Defendant at JS
14 38:1-40:9. None of the cases cited by Defendant stand for anything close to
15 Defendant's proposition that the deliberative process privilege applies generally to
16 *all* of a prosecutor's notes, communications with police, or other documents
17 generated in the regular course of a prosecution. Even the prosecution memos that
18 were specifically identified by Defendant (Item Nos. 1 and 7) clearly are not
19 covered by the privilege because they were not "pre-decisional." One was described
20 as a post-trial "evaluation" and the other as a case-closing "disposition report."
21     Moreover, the Supreme Court has explicitly held that such a privilege may
22 only be invoked in a "formal claim of privilege, lodged by the head of the
23 department which has control over the matter, after actual personal consideration by
24 that officer." *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953); *Rozet*, 183 F.R.D. at
25 665; *Costal Corp. v. Duncan*, 86 F.R.D. 514, 516-517 (D. Del. 1980). This strict
26 formal requirement is designed to prevent the privilege from being "indiscriminately
27 invoked" and to ensure that it remains a "narrow privilege." *Rozet*, 183 F.R.D. at
28 665. Accordingly, courts have rejected assertions of the privilege made by "staff

1  attorneys, especially those who are participating in the pending litigation." *Id.*
2  (citing *Exxon Corp. v. Department of Energy*, 91 F.R.D. 26, 43–44 (N.D. Tex. 1981)
3  and *Pierson v. United States*, 428 F. Supp. 384, 395 (D. Del. 1977)). The relevant
4  agency head in this case would be, at minimum, L.A. County District Attorney
5  Steve Cooley, and maybe even California Attorney General Kamala Harris, who has
6  "direct supervision over every district attorney . . . in all matters pertaining to the
7  duties of their respective offices." Cal. Const. Art. V, § 13. Regardless, the
8  deliberative process privilege was not asserted by any agency official in this case,
9  much less an official with appropriate authority. Accordingly, Defendant's reliance
10 on the privilege is misplaced.

11 **C.     VIKINGS DOCUMENT REQUESTS**

12        At several points, Defendant takes issue with Plaintiff's request for
13 information regarding the "Lynwood Vikings." JS at 17:9-12, 43:21-44:17.
14 Defendant argues that such discovery is precluded by the Court's order bifurcating
15 *Monell* discovery from non-*Monell* discovery. *Id.*
16        Plaintiff agrees that the Court bifurcated *Monell* discovery. In accordance
17 with that order, all of the documents sought by Plaintiff's RPDs relate to Plaintiff's
18 non-*Monell* claims. As clearly set forth in the Complaint (Dkt. No. 1, ¶ 81(b)) and in
19 Plaintiff's Requests (Kaye Decl., Ex. A at 14 n.3), Plaintiff's *Brady* claim against
20 Defendant Ditsch alleges that he failed to disclose his membership in the Lynwood
21 Vikings during the criminal prosecution of Plaintiff. Accordingly, Plaintiff's RPDs
22 sought documents reflecting (1) the "existence and activities" of the Lynwood
23 Vikings (RPD 28) and (2) Defendant Ditsch's association with the Lynwood
24 Vikings (RPD 26). Kaye Decl., Ex. A at 13-14. Plaintiff did not issue broad requests
25 for "any and all documents relating to the [Department's] investigation into the
26 activities of the 'Lynwood Vikings,'" as suggested by Defendants. JS at 43:26-44:1.
27 Plaintiff's requests are limited to the information that is relevant to his *Brady* claim.
28 Accordingly, Defendant has no basis for resisting discovery.

|   |   |   |
|---|---|---|
|   | Respectfully submitted, |   |
|   | KAYE, McLANE & BEDNARSKI, LLP |   |
| DATED: July 10, 2012 | By: | */s/ Ronald O. Kaye* |
|   |   | RONALD O. KAYE |
|   |   | Attorney for Plaintiff |