DAVID D. LAWRENCE, State Bar No. 123039
dlawrence@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
COUNTY OF LOS ANGELES
and CRAIG DITSCH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CARRILLO, JR.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF LOS ANGELES;<br>CRAIG DITSCH; AND DOES 1-10,<br>INCLUSIVE;<br><br>　　　　Defendants. | Case No. CV 11-10310 SVW (AGRx)<br><br>Honorable Stephen V. Wilson<br><br>**DEFENDANT CRAIG DITSCH'S OBJECTIONS TO PLAINTIFF'S EVIDENCE OFFERED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY SUMMARY ADJUDICATION**<br><br>*[Reply to Opposition to Motion for Summary Judgment and Response to Plaintiff's Additional Material Facts filed concurrently herewith]*<br><br>Date:　September 10, 2012<br>Time:　1:30 p.m.<br>Courtroom: 6 |

TO THE COURT, ALL INTERESTED PARTIES, AND TO THEIR COUNSEL OF RECORD:

Defendant CRAIG DITSCH ("Defendant") hereby submits the following objections to evidence presented by Plaintiff in support of his opposition to

1

Defendant's Motion for Summary Judgment.

Dated: August 27, 2012              LAWRENCE BEACH ALLEN & CHOI, PC


                                    By _____/s/ Jin S. Choi_____
                                        Jin S. Choi
                                        Attorneys for Defendants
                                        COUNTY OF LOS ANGELES
                                        and CRAIG DITSCH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Objections to the Declaration of Ronald M. Kaye.

Defendant objects to Paragraphs 35 and 36 of the Declaration of Ronald M. Kaye on the grounds that they lack foundation, lack personal knowledge, and contain speculation.  Fed. R. Evid. Rule 602.  Mr. Kaye improperly sets forth numerous conclusory statements as facts even though, by his own admission, there is no record of such purported "facts" in the documents reviewed by Mr. Kaye.

## II.  Objections to Exhibit "LL"[1] – Declaration of Gary L. Wells.

Defendant objects to Paragraph "3" of the Declaration of Gary L. Wells on the grounds that it is irrelevant and lacks foundation.  Fed. R. Evid. Rules 401-403.  The fact that Mr. Wells has never seen the same photo lineup used in two separate criminal cases does not, in and of itself, stand for the proposition that such a practice is unusual or otherwise improper.

## III.  Objections to Exhibit "MM" – Declaration of Thomas R. Parker.

Defendant objects to Paragraph "4" of the Declaration of Thomas R. Parker on the grounds that it is irrelevant and lacks foundation.  Fed. R. Evid. Rules 401-403. The fact that Mr. Parker has never seen the same photo lineup used in two separate criminal cases does not, in and of itself, stand for the proposition that such a practice is unusual or otherwise improper.

Defendant objects to Paragraph "5" of the Declaration of Thomas R. Parker on the grounds that it lacks foundation and constitutes mere speculation, as Mr. Parker fails to explain the bases for his conclusory opinion regarding the purported collaboration between investigators.  Fed. R. Evid. Rule 702.

///

///

---

[1] The exhibits referenced in Defendant's evidentiary objections are attached to the Declaration of Ronald M. Kaye, submitted by Plaintiff.

1

**IV. <u>Objections to Exhibit "NN" – Handwritten Notes By David Lynn.</u>**

Defendant objects to Exhibit "NN" on the grounds that it constitutes inadmissible hearsay. Fed. R. Evid. Rules 801-803. Defendant further objects to Exhibit "NN" on the grounds that it has not been properly authenticated. Fed. R. Evid. Rule 901. Plaintiff's attorney, Ronald M. Kaye, is not competent to authenticate Mr. Lynn's notes. (*See,* Declaration of Ronald M. Kaye [Kaye Decl.], Docket No. 38-1, ¶ 10.) Moreover, Plaintiff's attempt to authenticate Mr. Lynn's notes via his prior testimony during Plaintiff's habeas proceeding is improper. Fed. R. Evid. Rule 901. Plaintiff has offered no explanation as to why Mr. Lynn has not submitted a declaration authenticating his own notes.

**V. <u>Objections to Exhibit "PP"- Declaration of David Lynn.</u>**

Defendant objects to Exhibit "PP" to the extent it refers to Exhibits A through F, which have not been submitted along with the declaration.

Defendant objects to Paragraphs 8-10 of Exhibit "PP" on the grounds that they constitute inadmissible hearsay and lack personal knowledge. Fed. R. Evid. Rules 602 and 801-803.

Defendant objects to Paragraph 11 of Exhibit "PP" on the grounds that it constitutes inadmissible hearsay, lacks personal knowledge, lacks foundation, and is irrelevant. Fed. R. Evid. Rules 401-403, 602, and 801-803.

Defendant objects to Paragraph 13 of Exhibit "PP" on the grounds that it constitutes inadmissible hearsay, lacks foundation, and lacks personal knowledge. Fed. R. Evid. Rules 602 and 801-803.

Defendant objects to Paragraphs 14-17 of Exhibit "PP" on the grounds that they are irrelevant. Fed. R. Evid. Rules 401-403.

Defendant objects to Paragraph 18 of Exhibit "PP" on the grounds that it constitutes inadmissible hearsay, lacks foundation, and lacks personal knowledge. Fed. R. Evid. Rules 602 and 801-803.

Defendant objects to Paragraph 19 of Exhibit "PP" on the grounds that it

constitutes inadmissible hearsay and is irrelevant. Fed. R. Evid. Rules 401-403 and 801-803.

Defendant objects to Paragraphs 20-23 of Exhibit "PP" on the grounds that they constitute inadmissible hearsay, lack foundation, and lack personal knowledge. Fed. R. Evid. Rules 602 and 801-803.

Defendant objects to Paragraph 24 of Exhibit "PP" on the grounds that it is irrelevant. Fed. R. Evid. Rules 401-403.

Defendant objects to Paragraphs 25-27 of Exhibit "PP" on the grounds that they constitute inadmissible hearsay, lack foundation, and lack personal knowledge. Fed. R. Evid. Rules 602 and 801-803.

Defendant objects to Paragraph 28 of Exhibit "PP" on the grounds that it constitutes inadmissible hearsay, lacks foundation, lacks personal knowledge, and is irrelevant. Fed. R. Evid. Rules 401-403, 602, and 801-803.

Defendant objects to Paragraph 29 of Exhibit "PP" on the grounds that it constitutes inadmissible hearsay, lacks foundation, lacks personal knowledge, and constitutes an improper legal opinion. Fed. R. Evid. Rules 602, 702, and 801-803.

Defendant objects to Paragraph 30 of Exhibit "PP" on the grounds that it constitutes inadmissible hearsay and lacks personal knowledge. Fed. R. Evid. Rules 602 and 801-803.

Defendant objects to Paragraph 31 of Exhibit "PP" on the grounds that it is irrelevant. Fed. R. Evid. Rules 401-403.

Defendant objects to Paragraphs 32-33 and 35 of Exhibit "PP" on the grounds that they constitute inadmissible hearsay, lack foundation, and lack personal knowledge. Fed. R. Evid. Rules 602 and 801-803.

Defendant objects to Paragraph 36 of Exhibit "PP" on the grounds that it is irrelevant and lacks foundation.

### VI. Objections to Exhibit "QQ" – July 1992 Los Angeles County Sheriff's Department Report.

Defendant objects to Exhibit "QQ" on the grounds that it is irrelevant. Fed. R. Evid. Rules 401-403. This is not a case about racism or violent behavior on the part of Los Angeles County Sheriff's Department deputies. Defendant further objects to Exhibit "QQ" on the grounds that it constitutes inadmissible hearsay, lacks foundation, and has not been properly authenticated. Fed. R. Evid. 801-803 and 902.

### VII. Objections to Exhibit "RR" – Findings Of Fact And Conclusions of Law In The Case of *Thomas v. County of Los Angeles, et al.*

Defendant objects to Exhibit "RR" on the grounds that it is irrelevant. Fed. R. Evid. Rules 401-403. This is not a case about racism or violent behavior on the part of Los Angeles County Sheriff's Department deputies.

### VIII. Objections to Exhibit "TT" – Declaration of Francisco Carrillo.

Defendant objects to Exhibit "TT" on the grounds that it is irrelevant. Fed. R. Evid. Rules 401-403. Whether the same six pack was used during two criminal investigations has no bearing on Plaintiff's claims in the instant suit, as none of the witnesses in the two separate investigations overlapped.

### IX. Objections to Exhibit "XX" – Declaration of Scott C. Fraser.

Defendant objects to Exhibit "XX" on the grounds that it is irrelevant for the purposes of Defendant's motion for summary judgment. Fed. R. Evid. Rules 401-403. Defendant's motion advances no arguments regarding whether it was possible for the witnesses to identify Carrillo as the shooter, given the lighting on the night of the shooting. Defendant further objects to Exhibit "XX" on the grounds that it lacks foundation and contains inadmissible hearsay. Fed. R. Evid. Rules 801-803.

//

//

**X.** **Objections to Exhibit "YY" – September 13, 1990 *Los Angeles Times* Article.**

Defendant objects to Exhibit "YY" on the grounds that it is irrelevant, constitutes inadmissible hearsay, and lacks foundation. Fed. R. Evid. Rules 401-403 and 801-803.

**XII.** **Objections to Exhibit "ZZ" – November 20, 1990 Reporter's Transcript from *The People v. Juan Diego Guzman*, Los Angeles Superior Court Case No. TA009648.**

Defendant objects to Exhibit "ZZ" on the grounds that it is irrelevant to Plaintiff's claims in the instant suit. Fed. R. Evid. Rules 401-403.

**XIII.** **Objections to Exhibit "AAA" – Declaration of Estella Montoya.**

Defendant objects to Exhibit "AAA" in its entirety on the grounds that it is irrelevant. Fed. R. Evid. Rules 401-403.

Defendant objects to Paragraphs 3-4 of Exhibit "AAA" on the grounds that they lack foundation and constitute improper character evidence. Fed. R. Evid. Rule 404. Additionally, Ms. Montoya lacks personal knowledge regarding the reasons for Los Angeles County Sheriff's Department's searches of her husband. Fed. R. Evid. Rule 602.

Defendant objects to Paragraph 5 of Exhibit "AAA" on the grounds that it lacks foundation, lacks personal knowledge, constitutes improper character evidence, and constitutes inadmissible hearsay. Fed. R. Evid. Rules 404, 602, and 801-803.

Defendant objects to Paragraph 6 of Exhibit "AAA" on the grounds that it lacks foundation, constitutes inadmissible hearsay, contains speculation, constitutes improper character evidence, and lacks personal knowledge. Fed. R. Evid. Rules 404, 602, and 801-803.

**XIV.** **Objections to Exhibit "BBB" – Declaration of Joanna Rivera,**

Defendant objects to Exhibit "BBB" in its entirety on the grounds that it is

irrelevant. Fed. R. Evid. Rules 401-403.

Defendant objects to Paragraphs 3-4 of Exhibit "BBB" on the grounds that they lack foundation, lack personal knowledge, constitute improper character evidence, and contain speculation. Fed. R. Evid. Rules 404 and 602.

Defendant objects to Paragraph 5 of Exhibit "BBB" on the grounds that it lacks foundation, contains speculation, constitutes improper character evidence, and constitutes inadmissible hearsay. Fed. R. Evid. Rules 404, 602, and 801-803.

**XV.   Objections to Exhibit "CCC" – Declaration of Leo Ortega.**

Defendant objects to Exhibit "CCC" in its entirety (including the exhibit attached thereto) on the grounds that it is irrelevant. Fed. R. Evid. Rules 401-403.

Defendant objects to Paragraph 3 of Exhibit "CCC" on the grounds that it lacks foundation and constitutes improper character evidence. Fed. R. Evid. Rule 404.

Defendant objects to Paragraph 4 of Exhibit "CCC" on the grounds that it lacks foundation, constitutes inadmissible hearsay, and constitutes improper character evidence. Fed. R. Evid. Rules 404 and 801-803.

Defendant objects to Paragraph 5 of Exhibit "CCC" on the grounds that it lacks foundation, constitutes improper character evidence, and constitutes inadmissible hearsay. Fed. R. Evid. Rules 404 and 801-803.

Defendant objects to Paragraph 6 of Exhibit "CCC" and Exhibit "A" attached thereto on the grounds that it lacks foundation, contains inadmissible hearsay, and contains improper character evidence.

Defendant objects to Paragraph 7 of Exhibit "CCC" on the grounds that it constitutes improper character evidence, lacks foundation, and lacks personal knowledge. Fed. R. Evid. Rules 404 and 602.

**XVI.   Objections to Exhibit "DDD" – Declaration of Michael Sterling.**

Defendant objects to Exhibit "DDD" in its entirety on the grounds that it is irrelevant. Fed. R. Evid. Rules 401-403.

1  Defendant objects to Paragraph 3 of Exhibit "DDD" on the grounds that it
2  lacks foundation, contains speculation, and constitutes improper character
3  evidence.  Fed. R. Evid. Rule 404.
4  Defendant objects to Paragraph 4 of Exhibit "DDD" on the grounds that it
5  lacks foundation, constitutes inadmissible hearsay, and constitutes improper
6  character evidence.  Fed. R. Evid. Rules 404 and 801-803.
7  Defendant objects to Paragraph 5 of Exhibit "DDD" on the grounds that it
8  lacks foundation, constitutes inadmissible hearsay, and constitutes improper
9  character evidence.  Fed. R. Evid. Rules 404 and 801-803.
10 Defendant objects to Paragraph 6 of Exhibit "DDD" on the grounds that it
11 lacks foundation, contains speculation, lacks personal knowledge, and constitutes
12 improper character evidence.  Fed. R. Evid. Rules 404 and 602.

Dated: August 27, 2012                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/ Jin S. Choi_____
   Jin S. Choi
   Attorneys for Defendants
   COUNTY OF LOS ANGELES
   and CRAIG DITSCH