RONALD O. KAYE (No.145051)
MARILYN E. BEDNARSKI (No. 105322)
CAITLIN S. WEISBERG (No. 262779)
KAYE, McLANE & BEDNARSKI
234 E. Colorado Blvd. Suite 230
Pasadena CA 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
E-mail: rok@kmbllp.com
E-mail: mbednarski@kmbllp.com
E-mail: cweisberg@kmbllp.com

Attorneys for Plaintiff,
FRANCISCO CARRILLO, JR.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| FRANCISCO CARRILLO, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES, CRAIG DITSCH AND DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | CASE NO. CV 11-10310 SVW (AGRx) <br><br> **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PRIVILEGE LOG AND PRIVILEGE CLAIMS** <br><br> Action Filed: December 14, 2011 <br> Pretrial Conference: October 1, 2012 <br> Trial: October 16, 2012 |

Plaintiff, by and through his counsel of record, hereby submits his objections to Defendants' Privilege Log Re Discovery Documents (Dkt. No. 44) and to the assertions of privilege made in the log. These objections are intended to restate certain fundamental objections to the privilege claims made by Defendants. Plaintiff's more complete and detailed arguments are set forth in Plaintiff's portion of the Joint Stipulation (Dkt. No. 22) and in Plaintiff's Supplemental Memorandum (Dkt. No. 25).

Based on the information provided in the privilege log produced by Defendants,[1] Plaintiff continues to take the position that no *in camera* review is necessary in this case. The documents listed on the privilege log are not covered by the listed privileges, for the reasons summarized below and set forth in more detail in Plaintiff's previous filings. The Court can and should reach this conclusion without reviewing the documents, as the Defendants have failed to satisfy their *threshold* burden of showing that any privilege covers the withheld documents. Plaintiff respectfully requests that the Court order the immediate production of the withheld documents.

### 1. The Deliberative Process Privilege, the Official Information Privilege, and Any Purported Privacy Privilege, Are Entirely Inapplicable Here

It is black letter law that a government defendant may not assert the Official Information Privilege or the Deliberative Process Privilege, both of which are subject to significant abuse, without submitting a detailed and specific declaration.

> **Official Information Privilege:** *Kerr v. U.S.D.C for the N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (The official information privilege "must be formally asserted and delineated in order to be raised properly" by the lodging of a formal claim by the head of a department after actual personal consideration by that officer); *Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987) (same, describing required contents of declaration); *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992) (same).

> **Deliberative Process Privilege:** *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953) (deliberative process privilege must be asserted through "formal claim of privilege, lodged by the head of the department which has control over the

---

[1] Plaintiff notes that Defendants' privilege log is facially inadequate and fails to provide necessary information. Entries on privilege logs must generally include: "[1] a description of [the] responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and grounds thereof." *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650-51 (E.D. Cal. 2010). Most of the entries on Defendants' privilege log omit one or more of these details, and almost all fail to provide a description of the subject matter of the document, which is necessary to determining certain privileges.

matter, after *actual personal* consideration by that officer."); *United States v. Rozet*, 183 F.R.D. 662, 665 (N.D. Cal. 1998) (same); *Costal Corp. v. Duncan*, 86 F.R.D. 514, 516-517 (D. Del. 1980) (same).

Defendants, who bear the burden of showing that withheld documents are covered by some privilege, have failed to present any authority for the existence of the purported "Privacy Right of Third Person" privilege, much less authority which would show that the privilege applies to the withheld documents. Indeed, Ninth Circuit authority makes clear that, in the context of documents maintained by law enforcement agencies, privacy concerns are imbedded in, and analyzed under, the umbrella of the official information privilege, not as some separate, freestanding privilege claim. *Breed v. United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th Cir.1976); *Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987).

Defendants have not submitted any declarations in this case that would support the claimed privileges, despite numerous opportunities. Such declarations are necessary because, without them, neither the Court nor plaintiff is in a position to assess the claimed privileges. Accordingly, all official information privilege claims, deliberative process privilege claims, and purported privacy privilege claims should be overruled.[2]

### 2. The District Attorneys' Work Product Immunity Claims May Not Be Asserted by Defendants in this Case

It is undisputed that Mr. Carrillo, when he was a criminal defendant and

---

[2] See, *e.g.*, the following cases in which the courts overruled privilege claims and ordered production of withheld documents because police agency defendants failed to produce a sufficient declaration: *Bernat v. City of California City*, 1:10-CV-00305, 2010 WL 4008361, at *3 (E.D. Cal. Oct. 12, 2010); *Boyd v. City & County of San Francisco*, C-04-5459 MMC (JCS), 2006 WL 1141251, at *5 (N.D. Cal. May 1, 2006); *Taylor v. Los Angeles Police Dept.*, Civ. No. 99-0383-RT(RCX), 1999 WL 33101661, at *6 (C.D. Cal. Nov. 10, 1999); *Soto v. City of Concord*, 162 F.R.D. 603, 614 (N.D. Cal. 1995); *Miller*, 141 F.R.D. at 301 (C.D. Cal. 1992).

habeas petitioner, would not have been able to discover *some*[3] of the documents listed on Defendants' privilege log during the course of his criminal prosecution in 1992 and the habeas proceeding in 2010-2011. Nevertheless, it is equally clear that the immunity for trial preparation materials in these closed matters no longer protects the withheld documents from disclosure *in this case and* that defendants (who were not the parties on whose behalf the trial preparation materials were generated) may not claim the privilege in any event. *Doubleday v. Ruh*, 149 F.R.D 601 (C.D.Cal.1993) (directly on point case discussing disclosure of district attorney file in civil rights case); *Boyd v. City & County of San Francisco*, C-04-5459 MMC (JCS), 2006 WL 1141251, at *4 (N.D. Cal. May 1, 2006) (same).

### 3. Certain Facts that May Aid the Court's Determination of the Privilege Issues

To the extent that the Court rejects Plaintiff's position and considers individual documents, Plaintiff provides this additional information to assist in the Court's consideration.

According to representations made by Defendants, documents numbered 1-25 on the privilege log were extracted from the district attorney files for the Sarpy and Sarabia cases; documents numbered 26-134 were extracted from the Sheriff's Department's Sarpy file.

None of the documents on the privilege log were created during the course of the instant civil rights litigation by Mr. Choi or by any other attorney or agent representing Defendants in this litigation.

---

[3] Many of the documents on the privilege log, *e.g.*, No. 27, clearly were never attorney work product and would have been discoverable in the underlying criminal and habeas proceedings. Other documents, *e.g.*, No. 34, likely would have been protected from disclosure during the underlying proceeding as trial preparation materials by an attorney. Many other entries lack sufficient information to determine whether the work product privilege would have applied in the underlying proceedings, but such an inquiry is unnecessary in this case.

1  The third parties listed in various entries of the privilege log, *e.g.*, Nos. 82-85,
2  87-90, 92-99, *etc.*, are all related, in one way or another, to the police investigation
3  of the Sarpy and Sarabia cases, as is evidenced by the fact that these documents
4  were part of the LASD's Sarpy case file. Plaintiff will provide more information
5  about these individuals to the Court, if such information would aid the Court.

6  Defendants failed to include on their log at least one document that is
7  responsive to Plaintiff's requests and has not been produced—an e-mail between
8  Defendant Ditsch and Assistant District Attorney Juan Mejia in which Defendant
9  Ditsch apparently provided information and opinions on Plaintiff's petition for writ
10 of habeas corpus. This e-mail was produced in redacted form pursuant to an earlier
11 Public Records Act request, but has not been produced by Defendants in this action
12 and was not listed on the privilege log. The redacted e-mail was submitted with the
13 parties' previous Joint Stipulation (Dkt. No. 22-2 at 75-79) and is not privileged for
14 the reasons stated in the Joint Stipulation at 46:4-18 (Dkt. No. 22). Plaintiff requests
15 that this document be ordered produced.

16 Plaintiff remains prepared to enter into a protective order limiting
17 dissemination of the withheld documents; such a protective order would more than
18 adequately preserve any (unexplained) confidentiality concerns Defendants may
19 have.

Respectfully submitted,

KAYE, McLANE & BEDNARSKI, LLP

DATED: August 28, 2012   By   */s/ Caitlin S. Weisberg*
                               CAITLIN S. WEISBERG
                               Attorneys for Plaintiff Francisco Carrillo, Jr.