DAVID D. LAWRENCE, State Bar No. 123039
dlawrence@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
COUNTY OF LOS ANGELES
and CRAIG DITSCH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CARRILLO, JR., | Case No. CV 11-10310 SVW (AGRx) |
| Plaintiff, | Honorable Stephen V. Wilson |
| vs. | |
| COUNTY OF LOS ANGELES; CRAIG DITSCH; AND DOES 1-10, INCLUSIVE; | **DEFENDANT CRAIG DITSCH'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE ANY OPINION TESTIMONY REGARDING PLAINTIFF'S PURPORTED INNOCENCE; DECLARATION OF JIN S. CHOI** |
| Defendants. | |
| | *[[Proposed] Order filed concurrently herewith]* |
| | Date: October 1, 2012<br>Time: 3:00 p.m.<br>Courtroom: 6 |

TO THE COURT, ALL INTERESTED PARTIES, AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 1, 2012 at 3:00 p.m. or as soon as thereafter as counsel may be heard, in Courtroom 6 of the above-referenced Court located at 312 North Spring Street, Los Angeles, California 90012,

1

1 Defendants CRAIG DITSCH (hereinafter "Defendant") will and does hereby
2 move this Court for an Order *in limine* precluding any evidence or argument
3 relating to opinion testimony regarding Plaintiff's purported innocence in the
4 Sarpy shooting.
5      This Motion will be based upon this Notice of Motion and Motion, the
6 Memorandum of Points and Authorities filed and served herewith, the
7 Declaration of Jin S. Choi filed and served concurrently herewith, the pleadings,
8 documents and records on file herein, and upon such other further oral or
9 documentary matters as may be presented at the hearing of this motion.
10      This Motion is made following the conference of counsel pursuant to Local
11 Rule 7-3.

13 Dated: September 3, 2012        LAWRENCE BEACH ALLEN & CHOI, PC

15                                    By     /s/ Jin S. Choi
16                                           Jin S. Choi
                                         Attorneys for Defendants
17                                          COUNTY OF LOS ANGELES
                                         and CRAIG DITSCH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

In 1992, Plaintiff Francisco Carrillo, Jr. ("Plaintiff") was convicted of the January 18, 1991 shooting death of Donald Sarpy who was killed by a drive-by shooter. In reaching their verdict, the jury weighed the testimony of the five witnesses who identified Plaintiff as the shooter against his alibi testimony and the testimony of a sixth witness who testified that someone else had to have been the shooter. Nineteen years later, a state court granted Plaintiff's habeas petition, based on the recantations of four witnesses, and new evidence about the lighting conditions at the time of the shooting.

The 42 U.S.C. § 1983 claims alleged in this action against Defendant Craig Ditsch ("Defendant") arise from Defendant's showing of a gang photo book and six-pack to the sixth witness, Scott Turner, within hours of the shooting. Plaintiff alleges that Defendant manipulated Turner into selecting Plaintiff's photograph from the gang photo book and photo "six-pack", and that Defendant violated Plaintiff's rights under *Brady v. Maryland* by failing to disclose this alleged misconduct to the prosecutor.

Defendant anticipates Plaintiff may seek to introduce testimony regarding Plaintiff's purported innocence in the Sarpy shooting, in the form of opinion testimony of their expert witnesses or evidence related to the investigations related to Plaintiff's state habeas corpus petition. Because such evidence constitutes inadmissible opinion testimony regarding a disputed fact, Defendant respectfully requests the Court exclude all opinion testimony and evidence reflecting the conclusion, either directly or indirectly, that Plaintiff did not shoot Donald Sarpy.

## II. STANDARD ON MOTION *IN LIMINE*.

Motions *in limine* are recognized as a proper pretrial request, both in practice and by case law. *See, Ohler v. United States*, 529 U.S. 753, 758 (2000);

*United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds in Luce v. United States*, 469 U.S. 38, 40 n.3 (1984). Authority for these motions is also derived from the Court's inherent power to manage the course of trials. *See, Luce*, 469 U.S. at 41.

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The purpose of the motion is to try to avoid the fruitless effort to "unring the bell" if highly prejudicial evidence is offered and then stricken at trial. *See, McEwen v. Norman*, 926 F.2d 1539, 1548 (10th Cir. 1991).

### III. OPINION TESTIMONY REGARDING PLAINTIFF'S PURPORTED INNOCENCE IS INADMISSIBLE.

Under Federal Rules of Evidence Rule 701, opinion testimony must be "rationally based on the witness's perception." Fed. R. Evid. Rule 701. Accordingly, once a witness "bases his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony." *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007); *see, United States v. Beck,* 418 F.3d 1008, 1015 (9th Cir. 2005) (holding that lay witness's testimony is rationally based on witness's perceptions if it is "based upon personal observation and recollection of concrete facts"); *United States v. Simas,* 937 F.2d 459, 464 (9th Cir. 1991) (recognizing that the perception of the witness requirement is "simply a restatement of the personal knowledge requirement for all lay testimony").

Here, speculative testimony, not based on personal knowledge, regarding Plaintiff's claimed innocence clearly falls outside the purview of admissible lay opinion testimony. *See, United States v. Mock*, 523 F.3d 1299, 1303 (11th Cir. 2008) (district court properly excluded witness from testifying that she "believed" someone else committed crimes at issue because opinion testimony was "not

based on first-hand knowledge"). Accordingly, the District Court should exclude opinion testimony that Plaintiff did not shoot Donald Sarpy.[1]

### IV. OPINION TESTIMONY REGARDING PLAINTIFF'S PURPORTED INNOCENCE IS IRRELEVANT.

Evidence may be properly excluded when it is not relevant to the matters at issue. Fed. R. Evid. Rule 402; *see, Huddleston v. U.S.*, 485 U.S. 681, 682-692 (1988). Federal Rules of Evidence Rule 401 establishes that in order for proffered evidence to be relevant, it must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. Rule 401.

Not only is opinion testimony — whether it be offered by any of Plaintiff's designated expert witnesses or by any other witness who may opine about Plaintiff's innocence — inadmissible, but it is wholly irrelevant. Such speculation by witnesses with no personal knowledge about the circumstances of the Sarpy shooting will have no probative effect as to the inquiries germane to Plaintiff's section 1983 claims against Defendant, and should be excluded from the outset on relevance grounds as well.

### V. SPECULATIVE TESTIMONY REGARDING PLAINTIFF'S INNOCENCE SHOULD BE EXCLUDED DUE TO THE PREJUDICIAL NATURE OF THE EVIDENCE AND RISK OF JUROR CONFUSION.

Moreover, the Federal Rules of Evidence bars the admissibility of the

---

[1] While Plaintiff has apparently maintained his innocence since his 1991 arrest, there has been no judicial finding of innocence. The state habeas court vacated his murder conviction on the basis of witness recantations and new evidence regarding lighting conditions, and not on the finding that Plaintiff did not commit the murder.

5

purported evidence of Plaintiff's innocence. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. Rule 403. Evidence is "unfairly prejudicial," for the purposes of Fed. R. Evid. Rule 403 if the evidence "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions of the case." *Carter v. Hewitt,* 617 F.2d 961, 972 (3d Cir. 1980) (internal quotations omitted).

Because this case revolves around whether Defendant improperly influenced Turner's identification of Plaintiff, unfounded statements regarding Plaintiff's innocence is of little probative value. As such, testimony regarding Plaintiff's innocence will be utilized largely to play on the jury's sympathies and passions, while doing little to assist the jury in deliberation of Plaintiff's claims in the instant suit. Additionally, the risk of juror confusion is high, as such evidence will likely turn into yet another trial of Plaintiff's guilt or innocence, rather than evaluating the merits of Plaintiff's § 1983 claims against Defendant. *See, United States v. Dennis*, 625 F.2d 782, 796-97 (8th Cir. 1980) (confusion of issues warrants exclusion of evidence if admission of evidence would lead to litigation of collateral issues).

//
//
//

**VI. CONCLUSION.**

For the foregoing reasons, Defendant respectfully requests that the Court issue an Order precluding any opinion testimony regarding Plaintiff's purported innocence.

Dated: September 3, 2012           LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/ Jin S. Choi_____
　　Jin S. Choi
　　Attorneys for Defendants
　　COUNTY OF LOS ANGELES
　　and CRAIG DITSCH

# **DECLARATION OF JIN S. CHOI**

I, Jin S. Choi, declare as follows:

1. I am an attorney at law, duly authorized to practice before this Court and I am a member of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants County of Los Angeles and Craig Ditsch in the above-entitled action. I have personal knowledge of the facts stated herein, except those stated upon information and belief and, as to those matters, I believe them to be true. If called to testify to the matters herein, I could and would competently do so.

2. This Motion is made after an unsuccessful effort to resolve the issue informally with Plaintiff's counsel, as required by Local Rule 7-3, which occurred on August 22, 2012.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on September 3, 2012, at Glendale, California.


/s/ Jin S. Choi
Jin S. Choi