1  DAVID D. LAWRENCE, State Bar No. 123039
   dlawrence@lbaclaw.com
2  JIN S. CHOI, State Bar No. 180270
   jchoi@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
4  Glendale, California 91210-1219
   Telephone No. (818) 545-1925
5  Facsimile No. (818) 545-1937

6  Attorneys for Defendants
   COUNTY OF LOS ANGELES
7  and CRAIG DITSCH

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  FRANCISCO CARRILLO, JR.,          )  Case No. CV 11-10310 SVW (AGRx)
                                      )
13            Plaintiff,              )  Honorable Stephen V. Wilson
                                      )
14       vs.                          )
                                      )  **DEFENDANT CRAIG DITSCH'S**
15  COUNTY OF LOS ANGELES;            )  **NOTICE OF MOTION AND**
    CRAIG DITSCH; AND DOES 1-10,      )  **MOTION *IN LIMINE* NO. 7 TO**
16  INCLUSIVE;                        )  **EXCLUDE TESTIMONY**
                                      )  **REGARDING MEDICAL CARE**
17            Defendants.             )  **AVAILABLE IN THE STATE**
                                      )  **PRISON SYSTEM;**
18                                    )  **DECLARATION OF JIN S. CHOI**
                                      )
19                                    )  *[[Proposed] Order filed concurrently*
                                      )  *herewith]*
20                                    )
                                      )
21                                    )  Date: October 1, 2012
                                      )  Time:  3:00 p.m.
22  _____  )  Courtroom:  6

23

24  TO THE COURT, ALL INTERESTED PARTIES, AND TO THEIR COUNSEL

25  OF RECORD:

26       PLEASE TAKE NOTICE that on October 1, 2012 at 3:00 p.m. or as soon

27  as thereafter as counsel may be heard, in Courtroom 6 of the above-referenced

28  Court located at 312 North Spring Street, Los Angeles, California 90012,

                                      1

Defendant CRAIG DITSCH (hereinafter "Defendant") will and does hereby move this Court for an Order *in limine* precluding any evidence or argument relating to the quality of medical care in the state prison system, including reference to any lawsuits addressing the quality of medical care.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed and served herewith, the Declaration of Jin S. Choi filed and served concurrently herewith, the pleadings, documents and records on file herein, and upon such other further oral or documentary matters as may be presented at the hearing of this motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated:  September 3, 2012          LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/ Jin S. Choi_____
Jin S. Choi
Attorneys for Defendants
COUNTY OF LOS ANGELES
and CRAIG DITSCH

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.      INTRODUCTION.

3

In 1992, Plaintiff Francisco Carrillo, Jr. ("Plaintiff") was convicted of the

4

January 18, 1991 shooting death of Donald Sarpy who was killed by a drive-by

5

shooter.  In reaching their verdict, the jury weighed the testimony of the five

6

witnesses who identified Plaintiff as the shooter against his alibi testimony and

7

the testimony of a sixth witness who testified that someone else had to have been

8

the shooter.  Nineteen years later, a state court granted Plaintiff's habeas petition,

9

based on the recantations of four witnesses, and new evidence about the lighting

10

conditions at the time of the shooting.

11

The 42 U.S.C. § 1983 claims alleged in this action against Defendant Craig

12

Ditsch ("Defendant") arise from Defendant's showing of a gang photo book and

13

six-pack to the sixth witness, Scott Turner, within hours of the shooting.  Plaintiff

14

alleges that Defendant manipulated Turner into selecting Plaintiff's photograph

15

from the gang photo book and photo "six-pack", and that Defendant violated

16

Plaintiff's rights under *Brady v. Maryland* by failing to disclose this alleged

17

misconduct to the prosecutor.

18

Defendant anticipates Plaintiff may seek to introduce evidence regarding

19

the quality of medical care that was available to him during his incarceration

20

between 1992 and 2011.  Because Plaintiff has no claim related to any past or

21

current physical condition, evidence regarding to the quality of medical care

22

provided by the California Department of Corrections is irrelevant to Plaintiff's

23

damages claims, and should be excluded.

24

## II.     STANDARD ON MOTION *IN LIMINE*.

25

Motions *in limine* are recognized as a proper pretrial request, both in

26

practice and by case law.  *See, Ohler v. United States*, 529 U.S. 753, 758 (2000);

27

*United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other*

28

*grounds in Luce v. United States*, 469 U.S. 38, 40 n.3 (1984).  Authority for these

motions is also derived from the Court's inherent power to manage the course of trials. *See, Luce*, 469 U.S. at 41.

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The purpose of the motion is to try to avoid the fruitless effort to "unring the bell" if highly prejudicial evidence is offered and then stricken at trial. *See, McEwen v. Norman*, 926 F.2d 1539, 1548 (10th Cir. 1991).

## III.   EVIDENCE REGARDING THE QUALITY OF CARE IN THE CALIFORNIA STATE PRISON SYSTEM IS INADMISSIBLE.

Evidence may be properly excluded when it is not relevant to the matters at issue. Fed. R. Evid. Rule 402; *see, Huddleston v. U.S.*, 485 U.S. 681, 682-692 (1988). Federal Rules of Evidence Rule 401 establishes that in order for proffered evidence to be relevant, it must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. Rule 401.

Here, Plaintiff acknowledged in his discovery responses that he does not have, nor has he ever had, any physical condition requiring regular medical treatment. Plaintiff also does not allege any claim related to the medical care provided to him while he was incarcerated. (Declaration of Jin S. Choi, ¶ 3.) As such, the quality and nature of the medical care available to Plaintiff has no relevance to this action, in the event that the jury is in a position to calculate compensatory damages.

Even if this evidence were minimally relevant, it should be excluded under Rule 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of cumulative evidence."  Fed. R. Evid. Rule 403.
Evidence is "unfairly prejudicial," for the purposes of Fed. R. Evid. Rule 403 if
the evidence "appeals to the jury's sympathies, arouses its sense of horror,
provokes its instinct to punish, or otherwise may cause a jury to base its decision
on something other than the established propositions of the case." *Carter v.
Hewitt,* 617 F.2d 961, 972 (3d Cir. 1980) (internal quotations omitted).

Here, since Plaintiff has acknowledged that he has not and does not suffer
from any physical condition requiring regular medical treatment, negative
references to the medical care provided by the Department of Corrections should
be excluded (including any references to lawsuits or judicial inquiries into the
medical care system at state prisons).  Such references will only serve to
prejudice the jury by arousing their sympathies for Plaintiff having been
incarcerated under such conditions, while at the same time, the probative value of
the evidence is minimal at best, due to Plaintiff's physical condition and medical
history.   Accordingly, the balancing test under Rule 403 clearly weighs against
the admissibility of such evidence.


Dated:  September 3, 2012                    LAWRENCE BEACH ALLEN & CHOI, PC


                                    By _____ /s/ Jin S. Choi _____
                                             Jin S. Choi
                                       Attorneys for Defendants
                                       COUNTY OF LOS ANGELES
                                       and CRAIG DITSCH

## <u>DECLARATION OF JIN S. CHOI</u>

I, Jin S. Choi, declare as follows:

1.      I am an attorney at law, duly authorized to practice before this Court and I am a member of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants County of Los Angeles and Craig Ditsch in the above-entitled action.  I have personal knowledge of the facts stated herein, except those stated upon information and belief and, as to those matters, I believe them to be true.  If called to testify to the matters herein, I could and would competently do so.

2.      This Motion is made after an unsuccessful effort to resolve the issue informally with Plaintiff's counsel, as required by Local Rule 7-3, which occurred on August 22, 2012.

3.      In his responses to Defendant's interrogatories, Plaintiff acknowledged that he does not have, nor has he ever had, any physical condition requiring regular medical treatment.  Plaintiff also does not allege any claim related to the medical care provided to him while he was incarcerated..

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on September 3, 2012, at Glendale, California.


/s/ Jin S. Choi
Jin S. Choi