RONALD O. KAYE (No.145051)
MARILYN E. BEDNARSKI (No. 105322)
CAITLIN S. WEISBERG (No. 262779)
KAYE, McLANE & BEDNARSKI
234 E. Colorado Blvd. Suite 230
Pasadena, CA. 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
E-mail: rok@kmbllp.com
E-mail: mbednarski@kmbllp.com
E-mail: cweisberg@kmbllp.com

Attorneys for Plaintiff,
FRANCISCO CARRILLO, JR.

WESTERN DIVISION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CARRILLO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, CRAIG DITSCH AND DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | CASE NO. CV 11-10310 SVW (AGRx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT DITSCH'S MOTION IN LIMINE NO. 7 TO EXCLUDE TESTIMONY REGARDING MEDICAL CARE AVAILABLE IN THE STATE PRISON SYSTEM**<br><br>DATE: October 1, 2012<br>TIME: 1:30 p.m.<br>COURT: Hon. Steven V. Wilson<br><br>Action Filed: December 14, 2011<br>Pretrial Conference: October 1, 2012<br>Trial: October 16, 2012 |

Plaintiff hereby opposes Defendant Craig Ditsch's Motion in Limine No. 7 to Exclude to Exclude Testimony Regarding Medical Care Available in the State Prison System.

DATED: Sept. 10, 2012

Respectfully submitted,
KAYE, McLANE & BEDNARSKI, LLP

By /S/
MARILYN E. BEDNARSKI
RONALD O. KAYE
CAITLIN WEISBERG
Attorneys For Plaintiff F. Carrillo

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**SUMMARY OF OPPOSITION**

Defendant moves to preclude Plaintiff from admitting testimony regarding medical care available in the state prison system. Defendant complains that Plaintiff never had a lasting illness or injury while in custody and therefore argues that the lack of medical care and poor care in the prison system. However, Defendant overlooks that Plaintiff's fear of the absence of care and poor quality of care available to him is relevant to damages. Plaintiff heard and observed that the quality of care in the prison system was poor and often non-existent. For over twenty years he was impotent to seek his own medical care providers or the freedom to treat himself in the way he would if he lived outside a prison. This evidence of his anxiety and fear should he fall ill or be injured is relevant and admissible in the damage's phase as is other evidence of Francisco Carrillo's stay in prison such as the experience of severe restriction of freedom, lack of freedom of movement and association with loved ones, vulnerability to harm etc. Not only is the evidence probative of damages suffered by Plaintiff, it is not unfair or overly prejudicial.

**II.**

**FACTUAL BACKGROUND**

Mr. Carrillo spent that 20 years in prison, from 1991-2011, as a result of an unlawful conviction. Jurors cannot understand what Mr. Carrillo suffered by living in those circumstances without hearing about it. Defendant complains that Plaintiff never had a lasting illness or injury while in custody and therefore argues that the lack of medical care and poor care in the prison system. However, Defendant overlooks that Plaintiff's fear of the absence of care and poor quality of care available to him are also relevant to damages. Plaintiff for twenty years suffered from concern for his well-being, impotent to seek his own medical care providers or

the freedom to find and treat himself as he would outside a prison.   These are very reasonable concerns for someone incarcerated in the dangerous and very restrictive and environment he was forced to live in.

### III.

### ARGUMENT

**A.  PLAINTIFF'S CONCERN FOR HIS PHYSICAL CARE AND WELL-BEING ARE RELEVANT TO DAMAGES SUFFERED**

Federal Rule of Evidence 402 provides that "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution, a federal statute, these rules, or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Logic supports that there are an unlimited number of ways in which a person can suffer beyond physical pain. A person can suffer from amongst other things: fright, horror, grief, shame, humiliation, embarrassment, disappointment, worry, and anxiety. The intensity and the duration of the cause of the particular suffering are factors that influence its severity.  Defendant's argument lacks merit that because Plaintiff did not have a lasting illness or medical condition or claim of poor medical care, that the evidence is not relevant. *See* Defendant's MIL No. 7 at  p. 4. While the absence of those things might bear on the gravity of the anxiety or concern, it does not mean he did not suffer from anxiety or fear as a result of what he believed to be inadequate medical care should he need it.  It was not unreasonable for him to fear that he could either intentionally or mistakenly be the victim of such an assault.  The environment was very dangerous, with frequent assaults, stabs, and even murders.  It was not an unreasonable fear to catch a bacterial illness, or communicable disease, common in prison populations.  The food and air quality was poor, and was hygiene in the crowded living units and common showers.

If Mr. Carrillo had been denied necessary medical care, clearly that would be

admissible to his damages. While anxiety and fear may cause less suffering to some people, nevertheless, concern for the lack of care – should he need it – added to Plaintiff's suffering and therefore damages. The Eighth amendment proscription against cruel and unusual punishment extends beyond physical and barbarous behavior to denial of necessary medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)(acknowledging a cause of action under the Eighth Amendment for deliberate indifference to provide medical care for an inmate). Noting that the Eight Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency" the Supreme Court explained:

> "These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce 'physical torture or a lingering death,' *In re Kemmler*, *supra,* the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. *Cf. Gregg v. Georgia*, *supra*, at 173. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that '[i]t is just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.'"

*Id.* at 103-104, *citing Gregg v. Georgia*, 428 U.S. 1153 (1976).

It follows logically that an inmate who is wrongfully incarcerated can suffer fear and anxiety as a result of knowing that his caretakers are not equipped to or don't provide competent medical care, if the need arises.

**B.     THE EVIDENCE IS NOT OVERLY PREJUDICIAL**

The fact that a defendant's case will be harmed by the admission of certain

evidence does not constitute unfair prejudice. *Id*.; *see also United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir. 1977) ("Evidence relevant to a defendant's motive 'is not rendered inadmissible because it is of a highly prejudicial nature. . . . The best evidence often is'") (*quoting United States v. Mahler*, 452 F.2d 547 (9th Cir. 1971)). "So long as the evidence is offered for a proper purpose ... the district court is accorded wide discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance." *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir.1997).

Defendant's claim that the jury will be "unduly sympathetic" to Plaintiff by this evidence is unfounded. *See* Defendant's MIL NO. 7 at p. 5. The Advisory Committee notes to Rule 403 state: "Unfair prejudice" (under Rule 403) means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." There is no such undue tendency inherent in the evidence. The jury will learn that he did not have a lasting medical condition or make any claim to the prison system related to medical care. They can certainly be trusted to weigh the evidence and give it the weight it deserves on the issue of damages.

## IV.
## CONCLUSION

For the foregoing reasons, the Court should permit Plaintiff to offer evidence of Plaintiff's anxiety and fear from what he believed to be the absence of care and poor quality of care available to him in the California Prison system. For these reasons, this Court should deny Defendant's Motion *in Limine* No. 7.

DATED: Sept. 10, 2012

Respectfully submitted,
KAYE, McLANE & BEDNARSKI, LLP

By  /S/
    MARILYN E. BEDNARSKI
    RONALD O. KAYE
    CAITLIN WEISBERG
    Attorneys For Plaintiff F. Carrillo

5