RONALD O. KAYE (No.145051)
MARILYN E, BEDNARSKI (No. 105322)
CAITLIN S. WEISBERG (No. 262779)
KAYE, McLANE & BEDNARSKI
234 E. Colorado Blvd. Suite 230
Pasadena CA 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
E-mail: rok@kmbllp.com
E-mail: mbednarski@kmbllp.com
E-mail: cweisberg@kmbllp.com

Attorneys for Plaintiff,
FRANCISCO CARRILLO, JR.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| FRANCISCO CARRILLO, JR., <br><br>Plaintiff, <br><br>v. <br><br>COUNTY OF LOS ANGELES, CRAIG DITSCH AND DOES 1 THROUGH 10, inclusive, <br><br>Defendants. | CASE NO. CV 11-10310 SVW (AGRx) <br><br>**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION IN LIMINE # 6 TO EXCLUDE THE TESTIMONY OF DEFENSE PSYCHOLOGICAL EXPERT ROBERT J. SBORDONE, Ph.D.** <br><br>DATE: October 1, 2012 <br>TIME: 3:00 p.m. <br>COURT: Hon. Stephen V. Wilson <br><br>Action Filed: December 14, 2011 <br>Pretrial Conference: October 1, 2012 <br>Trial: October 16, 2012 |

//

//

//

REPLY ISO PLF'S MIL #6 TO EXCLUDE DEFENSE PSYCHOLOGICAL EXPERT

1  Plaintiff, by and through his counsel of record, respectfully submits this Reply
2  In Further Support of Plaintiff's Motion *In Limine* No. 6 To Exclude the Testimony
3  of Defense Psychological Expert Robert J. Sbordone, Ph.D. (Dkt. Nos. 62 & 65).

Respectfully submitted,

KAYE, McLANE & BEDNARSKI, LLP

DATED: September 17, 2012    By    */s/ Caitlin S. Weisberg*
                                    CAITLIN S. WEISBERG
                                    Attorney for Plaintiff Francisco Carrillo, Jr.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant's Opposition fails to address any of the arguments and legal authority cited in Plaintiff's motion, which demonstrate that the opinions and information offered by Dr. Sbordone should be excluded under the Federal Rules of Evidence.

Instead, the Opposition seeks to shift the Court's attention to the standard for expert reports under Federal Rule of Civil Procedure 26(a)(d)(B), implying that as long as an expert complies with the *disclosure requirements* of the Federal Rules of Civil Procedure, his opinions are automatically admissible under the Federal Rules of Evidence. This position is entirely untenable. If the content of the report is inadmissible under Federal Rules of Evidence 401-403 and 702, as argued by Plaintiff in the instant motion, the fact that the opinions and information were *properly disclosed* pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) is irrelevant.

Alternatively, Defendant may be arguing that the standard for opinions under the Federal Rules of Civil Procedure is somehow different or lower than the standard for opinions offered during trial. This argument is likewise misguided. An expert's trial testimony is limited to those opinions and information which were previously disclosed pursuant to Rule 26(a)(2) in a timely expert report. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding, in relation to expert disclosures, that Federal Rule of Civil Procedure 37(c)(1) "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed"). In other words, opinions and information that an expert gives on the stand must be *the same as* the opinions and information stated in his previously disclosed expert report. If the content of the expert report is inadmissible, for whatever reason, the expert may not get on the stand to provide different *admissible* opinions that were *not previously disclosed* in the expert report.

Finally, Defendant claims without any analysis or support that paragraphs 1-8

REPLY ISO PLF'S MIL #6 TO EXCLUDE DEFENSE PSYCHOLOGICAL EXPERT

and 10 of Dr. Sbordone's report contain "facts or data" that support the "specific opinions" in paragraph 9 of the report. Opp. at 2:3-2:11. This assertion simply cannot be squared with the plain text of the report. *See* Dkt. No. 65-2, pp. 2-5. For example, nothing in the report explains why Plaintiff's purported inconsistency about whether or not he was given a Miranda warning by the police (paragraph 2) has anything to do with any opinion about PTSD (paragraph 9), and there is certainly no obvious connection between the two. *Compare id.* at 2-3 (¶2), *with id.* at 4-5 (¶ 9).

More importantly, for the reasons stated in Plaintiff's motion, *none* of the "facts," "data," or "opinions" in the report are admissible, either independently or as a unit. Defendant's bare statement that the contents of the expert report are "not subject to exclusion under Rule 702," Opp. at 2:10-11, utterly fails in satisfying *Defendant's burden* of establishing the admissibility of the proposed expert testimony. *Lust ex rel. Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("It is the proponent of the expert who has the burden of proving admissibility.").

For all of the foregoing reasons and for all of the reasons stated in Plaintiff's motion, Plaintiff respectfully requests that the Court exclude Dr. Sbordone as a witness.

Respectfully submitted,

KAYE, McLANE & BEDNARSKI, LLP

DATED: September 17, 2012     By     */s/ Caitlin S. Weisberg*
                                     CAITLIN S. WEISBERG
                                     Attorney for Plaintiff Francisco Carrillo, Jr.