DAVID D. LAWRENCE, ESQ. [State Bar No. 123039]
dlawrence@lbaclaw.com
JIN S. CHOI, ESQ. [State Bar No. 180270]
jchoi@lbaclaw.com
DANIEL S. CHA, ESQ. [State Bar No. 260256]
Email: dcha@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
E-Mail: courtemails@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants, COUNTY OF LOS ANGELES and CRAIG DITSCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CARRILLO, JR., | Case No. CV 11-10310 SVW (AGRx) |
| Plaintiff, | Honorable Stephen V. Wilson |
| vs. | **MOTION *IN LIMINE* NO. 13** |
| COUNTY OF LOS ANGELES; CRAIG DITSCH; AND DOES 1-10, INCLUSIVE; | **DEFENDANT CRAIG DITSCH'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 13 TO EXCLUDE THE TESTIMONY OF DR. SCOTT FRASER AND ANY EVIDENCE OR ARGUMENT RELATED TO HIS LIGHTING STUDY; DECLARATION OF DANIEL S. CHA WITH EXHIBIT** |
| Defendants. | |
| | *[[Proposed] Order submitted Concurrently Herewith]* |
| | Trial Date: 3/29/16 |
| | Pre-Trial Conference:<br>Date: February 1, 2016<br>Time: 3:00 p.m.<br>Courtroom: 6 |

TO THE COURT, ALL INTERESTED PARTIES, AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 1, 2016[1] at 3:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6 of the above-referenced Court located at 312 North Spring Street, Los Angeles, California 90012, Defendant CRAIG DITSCH (hereinafter "Defendant") will and does hereby move this Court for an Order *in limine* excluding testimony from Scott Fraser and any evidence or argument regarding his lighting study.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed and served herewith, the Declaration of Daniel S. Cha and Exhibit thereto, the pleadings, documents and records on file herein, and upon such other further oral or documentary matters as may be presented at the hearing of this motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] On December 30, 2015, Defendant filed an *ex parte* application to vacate the pretrial conference and trial date due to the Ninth Circuit's December 29, 2015 Order staying of mandate until final disposition of Defendant's petition for writ of certiorari.  *See* Docket No. 179.  Because the Court has not yet ruled on the application, Defendant files this motion based on the current pretrial conference date out of an abundance of caution, without prejudice to, and hereby expressly reserving, its objection to further proceedings in this Court pending the Ninth Circuit's lifting of the stay of mandate and issuance thereof.

1

MOTION *IN LIMINE* NO. 13

1          This Motion is made following the conference of counsel pursuant to Local

2    Rule 7-3.

3                                     Respectfully submitted,

4    DATED:  January 4, 2016       LAWRENCE BEACH ALLEN & CHOI, PC

5

6

7                                  By___/s/ Daniel S. Cah_____
                                 DAVID D. LAWRENCE

8                                     JIN S. CHOI
                                 DANIEL S. CHA

9                                     Attorneys for Defendants,
                                 COUNTY OF LOS ANGELES

10                                    and CRAIG DITSCH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION.

Plaintiff Francisco Carrillo, Jr. ("Plaintiff") was arrested and prosecuted for murder in 1991, and convicted in 1992. Plaintiff's murder conviction was based on the testimony of five eyewitnesses who identified him as the shooter in a drive-by-shooting. Another eyewitness, Scott Turner ("Turner"), testified that Plaintiff was not the shooter after originally identifying Plaintiff at the time of the incident. Plaintiff's conviction was vacated in March 2011 when his state habeas corpus petition was granted based primarily on the recantation of eyewitness statements. In this 42 U.S.C. § 1983 action, Plaintiff alleges various constitutional violations by Defendant Craig Ditsch ("Defendant"), who in 1991 was a deputy gang investigator with the Los Angeles County Sheriff's Department.

On November 14, 2012, this Court entered an order granting in part and denying in part Defendant's Motion for Summary Judgment. (*See*, November 14, 2012 Order [Docket No. 128].) Two claims survived: (1) Plaintiff's claim that Defendant carried out an overly suggestive identification procedure with eyewitness Turner within hours of the January 18, 1991 shooting, in violation of *Simmons v. United States*, 390 U.S. 377 (1968); and (2) Plaintiff's claim that Defendant failed to disclose his unconstitutional identification procedure to the prosecutor, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*See*, Docket No. 128, at pg. 19.)

Defendant anticipates that Plaintiff will seek to introduce evidence regarding testing done to determine the lighting conditions at the location of the shooting at the time of the shooting, including but not limited to, the testimony of Plaintiff's proposed expert witness, Dr. Scott Fraser. *See* Cha Decl. at ¶ 2, Exhibit "A" [Rule 26 Report of Dr. Fraser and Documents Incorporated Therein by Reference]. Plaintiff should be precluded from bringing such evidence because it is irrelevant, lacks foundation, and is highly prejudicial. Such evidence is in no way relevant to Plaintiff's remaining claims against Defendant because the issue of whether the

1  lighting was sufficient for the eyewitnesses to identify the shooter was not the
2  subject of any testing or expert testimony during the criminal trial in which Plaintiff
3  was convicted.  Plaintiff cannot, in effect, retry the criminal case with "better" or
4  more evidence than what was presented in the original trial.  Such evidence is
5  irrelevant as it has no bearing on whether Defendant committed a *Simmons* violation
6  and/or failed to disclose his alleged unconstitutional identification procedure to the
7  prosecutor.

8        Evidence regarding the lighting testing should also be excluded because such
9  evidence and expert testimony lacks foundation and is subject to exclusion under the
10 Federal Rules of Evidence, Rule 702, *Daubert v. Merrell Dow Pharmaceuticals,*
11 *Inc.*, 509 U.S. 579 (1993), and related cases.  Finally, any limited probative value of
12 the evidence does not substantially outweigh the danger of unfair prejudice, the risk
13 of misleading and confusing the jury, and undue consumption of time and delay.  As
14 such, Defendant respectfully requests that Dr. Fraser's testimony and any evidence
15 relating to his lighting study be excluded.

16 **II.    STANDARD ON MOTION *IN LIMINE*.**

17        Motions *in limine* are recognized as a proper pretrial request, both in practice
18 and by case law.  *See, Ohler v. United States*, 529 U.S. 753, 758 (2000); *United*
19 *States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds in*
20 *Luce v. United States*, 469 U.S. 38, 40 n. 3 (1984).  Authority for these motions is
21 also derived from the Court's inherent power to manage the course of trials.  *See,*
22 *Luce*, 469 U.S. at 41.

23        A motion in limine is "any motion, whether made before or during trial, to
24 exclude anticipated prejudicial evidence before the evidence is actually offered."
25 *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984).  The purpose of the motion is to
26 try to avoid the fruitless effort to "unring the bell" if highly prejudicial evidence is
27 offered and then stricken at trial.  *See, McEwen v. Norman*, 926 F.2d 1539, 1548
28 (10th Cir. 1991).

## III.   <u>DR. FRASER'S LIGHTING STUDY AND RELATED TESTIMONY ARE IRRELEVANT.</u>

Evidence may be properly excluded when it is not relevant to the matters at issue.  Fed.R.Evid. Rule 402; *see, Huddleston v. U.S.*, 485 U.S. 681, 682-692 (1988). Federal Rules of Evidence, Rule 401 establishes that in order for proffered evidence to be relevant, it must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. Rule 401.

Evidence regarding Dr. Fraser's lighting study and related testimony is irrelevant in the instant case as it has no bearing on Plaintiff's remaining claims against Defendant.  As noted, two remaining claims are at issue in the instant action: (1) Plaintiff's claim that Defendant carried out an overly suggestive identification procedure with eyewitness Turner within hours of the January 18, 1991 shooting, in violation of *Simmons*; and (2) Plaintiff's claim that Defendant failed to disclose his unconstitutional identification procedure to the prosecutor, in violation of *Brady*. (*See*, Docket No. 128, at pg. 19.)

To prevail on the *Simmons* claim, Plaintiff must show that the identification resulting in his conviction was (1) the result of impermissibly suggestive techniques; and (2) not otherwise reliable.  *Grant v. City of Long Beach,* 315 F.3d 1081, 1086 (9th Cir. 2002).  Additionally, to prevail on the *Brady* claim, Plaintiff must show that "(1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government; and (3) the nondisclosure prejudiced the plaintiff."  *Smith v. Almada,* 640 F.3d 931, 939 (9th Cir. 2011).  Because these claims are based on the Fourteenth Amendment's Due Process Clause, Plaintiff must also prove that Defendant Ditsch at least acted with deliberate indifference.  *Daniels v. Williams*, 474 U.S. 327, 333-334 (1986); *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1088 (9th Cir. 2008).

With respect to the *Brady* claim, to prove that Plaintiff was prejudiced by the nondisclosure, Plaintiff must show that he would not otherwise have been convicted had Defendant disclosed the *Brady* evidence.  Similarly, in order to prove actual damages stemming from the alleged *Simmons* claim, Plaintiff must prove that he would not otherwise have been convicted had the allegedly tainted identification been excluded.  However, during the criminal trial that resulted in Plaintiff's conviction, the issue of whether the lighting was sufficient for the eyewitnesses to identify the shooter was not the subject of any testing or expert testimony.  Since this type of expert testimony and evidence was not presented at the criminal trial, Plaintiff should be excluded from introducing such evidence now as it will prevent the jury from making a valid comparison, i.e., whether the trial, as presented in 1992, would have produced a different result had the jury known about the alleged suggestive identification procedures.  Introducing new expert testimony about lighting conditions, testimony that was not offered in the second trial, injects an element that was not considered by the criminal jury that convicted Plaintiff, and precludes the jury in this civil case from making an appropriate factual/legal comparison, i.e., whether introduction of evidence of the alleged suggestive identification procedures would have made a difference in the outcome.  It is also worth noting that Defendant Ditsch played no part in criminal defense counsel's decision not to offer expert lighting testimony to the jury that convicted Plaintiff.  Allowing Plaintiff now to try his case with better and more persuasive evidence than was offered in 1992 (the expert lighting testimony) is highly prejudicial to Defendant Ditsch.  It potentially results in his having to answer not only for his own alleged misconduct, but also for the tactical decisions made by Plaintiff's criminal defense attorney in 1992.

/ / /

/ / /

MOTION *IN LIMINE* NO. 13

## IV. <u>DR. FRASER'S TESTIMONY AND RELATED LIGHTING STUDY LACK FOUNDATION AND IS SUBJECT TO EXCLUSION UNDER *DAUBERT*.</u>

Evidence relating to lighting conditions at the time of the shooting, and Dr. Fraser's testimony in relation thereto, should be excluded under Federal Rules of Evidence, Rule 702 and *Daubert* as such evidence is neither relevant nor reliable. Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. Rule 702. Under this Rule, the Court is charged with ensuring that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). "Expert opinion testimony is relevant if the knowledge underlying it has a 'valid ... connection to the pertinent inquiry.' And it is reliable if the knowledge underlying it 'has a reliable basis in the knowledge and experience of [the relevant] discipline.'" *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006).

Here, the evidence Plaintiff will likely seek to introduce regarding the lighting conditions at the time of the shooting, is neither relevant nor reliable. First, under

Federal Rules of Evidence, Rule 702(a), it is necessary that the expert's testimony and/or "knowledge will help the trier of fact to understand the evidence or to determine a fact in issue…" Fed.R.Evid. Rule 702(a).  However, the evidence relating to the lighting study and expert testimony of Dr. Fraser will not assist the trier of fact because, as already discussed, it has no bearing on whether Defendant committed a *Simmons* violation by employing suggestive identification techniques, or a *Brady* violation by withholding the unconstitutional identification procedure from the prosecutor.

Likewise, such evidence is also unreliable.  Under Federal Rules of Evidence, Rule 702, the testimony must also be "based on sufficient facts or data…" and "the product of reliable principles and methods… reliably applied… to the facts of the case." Fed.R.Evid. Rule 702(b), (c) and (d). Dr. Fraser's investigation and opinion of the lighting conditions at the time of the shooting were generated in March 2010, over 19 years after the time of the actual incident. *See* Exhibit "A" at p. 41, ¶ 12.

While Dr. Fraser purports to be able to determine what the lighting conditions were 19 years previously, he relies solely on his reference to a chart of the moon's phase and atmospheric conditions the night of the incident. *See* Exhibit "A" at p. 41, ¶ 12.  There is no foundation to establish: (1) that the street lights were the same when he conducted his tests as they were when the shooting happened; (2) whether they had been replaced/serviced or otherwise maintained, and what effects that may have had on the performance of the streetlights; (3) the age of the street lights in 1991 and 2010 and what affect that may have on their performance; and (4) the ambient illumination provided by the surrounding residences at the time of the shooting versus 19 years later.  The data and conditions Dr. Fraser tests cannot conclusively be determined to be representative of the actual conditions at the time of the incident, nor can his conclusion be corroborated as reflecting the actual lighting conditions that existed 19 years prior.

1    Moreover, Dr. Fraser has not established any of the witnesses' relative visual

2    acuity in general, or relative visual acuity in darkness in particular.  Accordingly,

3    and also as a result of the lack of foundation as to the specific lighting conditions at

4    the time of the shooting versus 19 years later, Dr. Fraser's expert testimony amounts

5    to the general proposition that it is more difficult to make out a face in the dark than

6    in brighter conditions.  Such evidence is not properly admissible expert testimony

7    because it is not beyond common experience and not helpful to the finder of fact.

8    *See U.S. v. Rahm*, 993 F.2d 1405, 1414 (9th Cir. 1993) (psychologist permitted to

9    testify as to defendant's perceptual difficulties based on specific testing of

10   defendant; contrasted with "general human deficiencies that the jury could

11   understand from their own experience"); *U.S. v. Cristophe*, 833 F.2d 1296, 1299-

12   1300 (9th Cir. 1987) (affirming exclusion of expert testimony regarding unreliability

13   of eyewitnesses because "skillful cross examination of eyewitnesses, coupled with

14   appeals to the experience and common sense of jurors, will sufficiently alert jurors

15   to specific conditions that render a particular eyewitness identification unreliable").

16   "The admissibility of this type of expert testimony is strongly disfavored by most

17   courts."  *United States v. Sims*, 617 F.2d 1371, 1375 (9th Cir. 1980).  Indeed, Dr.

18   Fraser's purported opinion that a witness's focus on a weapon would distract from

19   the ability to identify a face, *see* Exhibit "A" at p. 48-49, ¶ 23, is materially

20   indistinguishable from inadmissible testimony regarding the effects of stress on a

21   witness's perception.  *U.S. v. Amaral*, 488 F.2d 1148, 1153 (9th Cir. 1973).

22   Expert testimony couched as bearing on a witness's subjective perceptual

23   ability amounts to an impermissible attempted end-run around the prohibition on

24   expert testimony as to witnesses' credibility.  *U.S. v. Binder*, 769 F.2d 595, 602 (9th

25   Cir. 1985) (holding expert testimony impermissible when it "in effect ...

26   impermissibly ... asked [the jury] to accept an expert's determination that these

27   particular witnesses were truthful" because "[i]t is the jurors' responsibility to

28   determine credibility by assessing the witnesses and witness testimony in light of

their own experience"), overruled on other grounds by *United States v. Morales,* 108 F.3d 1031 (9th Cir.1997) (en banc).

Furthermore, Dr. Fraser's calculations regarding the amount of light was available at the scene, 19 years after the shooting, with which to identify the shooter, completely ignores the possible illumination provided by muzzle flash from the shooter's gun.  Because Dr. Fraser's opinion is based on data and conditions so far removed in time from the incident, and based on insufficient and incomplete foundational facts, his opinion is unreliable and thus must be excluded.

## V.   DR. FRASER'S TESTIMONY AND RELATED LIGHTING STUDY ARE HIGHLY PREJUDICIAL AND ARE LIKELY TO BOTH MISLEAD AND CONFUSE THE JURY.

Even if this testimony were deemed relevant and had adequate foundation, the Federal Rules of Evidence still bar the admissibility of the evidence at issue in this motion *in limine*.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.R.Evid. Rule 403.  Evidence is "unfairly prejudicial," for the purposes of Fed.R.Evid. Rule 403 if the evidence "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions of the case." *Carter v. Hewitt,* 617 F.2d 961, 972 (3d Cir. 1980) (internal quotations omitted).

Given the lack of proper foundation and assistance Dr. Fraser's proffered testimony could provide the fact-finder, the substantial dangers of unfair prejudice, confusion of issues, and misleading the jury substantially outweigh any probative value of the evidence.   This is particularly true in light of the elements of both *Simmons* and *Brady* claims.

1    ***The main issue for both claims, beyond whether Defendant Ditsch did or***

2    ***did not use impermissibly suggestive procedures during Turner's identification of***

3    ***Plaintiff, is whether, had the allegedly tainted identification been excluded or the***

4    ***exculpatory evidence been disclosed, the criminal trial would have resulted in the***

5    ***conviction of Plaintiff.  Consequently, it will be necessary for the jury to compare***

6    ***the evidence at trial to the evidence that would have been admitted had there been***

7    ***no such alleged* Simmons *or* Brady *violation*.  Allowing Plaintiff to introduce

8    evidence that was not employed in the first trial (and was not excluded as a

9    consequence of any act or omission of Defendant) invites the jury to improperly

10   analyze the claims at issue with the benefit of hindsight and information that was not

11   developed or even contemplated in 1991.  The unfairness to Defendant Ditsch is

12   further pronounced, because, whether or not Defendant Ditsch used suggestive

13   identification procedures, Plaintiff had every reason to impeach the credibility of his

14   eyewitness accusers during his criminal trial – he never put on, or sought to put on,

15   any expert testimony regarding lighting conditions or witnesses' perceptual abilities

16   at his criminal trial.   Allowing this evidence now allows Plaintiff an impermissible

17   unfair second bite at the apple.

18        As noted above, in *Amaral*, the Ninth Circuit excluded purported expert

19   testimony regarding eyewitness reliability, including the effects of stress on

20   perception.  *Amaral*, 488 F.2d at 1153.  The Ninth Circuit also added, "we see the

21   dangers of admitting such testimony in terms of confusing the jurors and undue

22   delays." *Id.* at 1154.  Such dangers exist with regard to Dr. Fraser's testimony, and

23   they substantially outweigh its potential probative value.

24   / / /

25   / / /

26   / / /

27   / / /

28

**VI.    CONCLUSION.**

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion *in Limine* No. 13.

Respectfully submitted,

DATED:  January 4, 2016          LAWRENCE BEACH ALLEN & CHOI, PC


By    /s/ Daniel S. Cha
       DAVID D. LAWRENCE
       JIN S. CHOI
       DANIEL S. CHA
       Attorneys for Defendants,
       COUNTY OF LOS ANGELES
       and CRAIG DITSCH

## DECLARATION OF DANIEL S. CHA

I, Daniel S. Cha, declare and state as follows:

1.      I am an attorney at law, duly authorized to practice before this Court and I am an associate with the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants County of Los Angeles and Craig Ditsch in the above-entitled action.  I have personal knowledge of the facts stated herein, except those stated upon information and belief and, as to those matters, I believe them to be true.  If called to testify to the matters herein, I could and would competently do so.

2.      Attached hereto and incorporated herein by reference as Exhibit "A" is a true and correct copy of Dr. Scott Fraser's Rule 26 Report in this action, as well as his declaration and attached exhibits from Plaintiff's habeas petition, which were incorporated by reference in the Rule 26 Report.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 4, 2016, at Santa Ana, California.


_____/s/ Daniel S. Cha_____
DANIEL S. CHA